UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURA BEVERIDGE**,** individually and on behalf of a class of similarly situated individuals, | ) ) ) ) Case No.  3:20-cv-1539 |
| **PLAINTIFF**, | ) ) ) |
| V. | ) ) ) **DEMAND FOR JURY TRIAL** |
| EARTH ANIMAL VENTURES INC., EARTH ANIMAL VENTURES, LLC, and PONY EXPRESS FOODS, LLC | ) ) ) ) |
| **DEFENDANTS**. | ) ) ) |

## CLASS ACTION COMPLAINT

1.     Plaintiff Laura Beveridge ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendants Earth Animal Ventures, Inc., Earth Animal Ventures, LLC ( "Earth Animal Defendants"), and Pony Express Foods, LLC ("Pony Express") (collectively "Defendants") for the negligent, reckless, and/or intentional practice of manufacturing, misrepresenting, and failing to fully disclose the presence of rawhide (a hide or animal skin that has not been exposed to tanning) and in fact promising there was no rawhide at all in their No-Hide dog chews (hereafter "Alleged No-Hide Chews").  The inclusion of rawhide (whether as the main ingredient or an additional ingredient) does not conform to and directly contradicts the labels, packaging, advertising, and representations made to consumers throughout the United States by Defendants about their Alleged No-Hide Chews. Defendants purposefully named and marketed their products to represent to reasonable consumers, like Plaintiff and the class, that they were *not manufactured with any rawhide.* Further, Defendants knew that many consumers did not want to give any type of rawhide product to their pets for health

and safety reasons and these consumers were willing to pay a premium to ensure they were not feeding rawhide to their beloved pets.

2.    Plaintiff seeks both injunctive and monetary relief on behalf of the proposed Class (defined below), including: (i) requiring full disclosure of the presence of rawhide, including all hormones, steroids, chemicals, and/or unnatural that are included based on the presence of rawhide or other ingredients in Defendants' marketing, advertising, and labeling of No-Hide Chews; (ii) prohibiting the utilization of the term "no-hide" until the manufacturing process changes and there is no use of any rawhide in the No-Hide Chews; (iii) requiring testing of all ingredients and final products for rawhide, including the related hormones, steroids, chemicals, and/or unnatural or other ingredients; and (iv) restoring monies to the members of the proposed Class that were paid based on Defendants' misrepresentations.  Plaintiff alleges the following based upon personal knowledge, public information as well as investigation by counsel as to all other matters, upon information and belief.

## JURISDICTION AND VENUE

3.    This Court has original jurisdiction over all causes of action asserted herein under the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs and more than two-thirds of the Class reside in states other than the states in which Defendants are citizens and in which this case is filed, and therefore any exemptions to jurisdiction under 28 U.S.C. §1332(d) do not apply.

4.    Venue is proper in this Court pursuant to 28 U.S.C. §1391, because Plaintiff suffered injury as a result of Defendants' acts in this District, many of the acts and transactions giving rise to this action occurred in this District; Defendants conduct substantial business in this District in connection with the Alleged No-Hide Chews; the headquarters and retail store for Earth

Animal is located in this District; Defendants have intentionally availed themselves of the laws and markets of this District; and Defendants are subject to personal jurisdiction in this District.

## PARTIES

### A. Plaintiff

5.     Plaintiff is, and at all times relevant hereto has been, a resident of the state of Georgia.  Plaintiff purchased the Alleged No-Hide Chews for her 5-year-old Dogue de Bordeaux dog, Dumplin. Plaintiff purchased the Alleged No-Hide Chews beginning on approximately April 6, 2017, until approximately July 6, 2017, from Garden City Pet located at 361 Furys Ferry Road, Martinez, Georgia 30907, and previously purchased Alleged No-Hide Chews from Amazon.

6.     Prior to purchasing the Alleged No-Hide Chews, Plaintiff saw the Defendants' no-hide claims on the packaging, upon which she relied when making her purchasing decision. Based on what she later learned to be false and misleading manufacturing practices and claims, representations, advertisements, and other marketing by Defendants, Plaintiff was unaware the Alleged No-Hide Chews contained rawhide, which contains added hormones, steroids, chemicals, and/or unnatural or other ingredients that do not conform to the Alleged No-Hide Chews' labels, packaging, advertising, and representations.  Plaintiff would not have purchased the Alleged No-Hide Chews if Defendants had fully and truthfully disclosed their contents.

7.     As the result of Defendants' negligent, reckless, and/or knowingly deceptive conduct as alleged herein, Plaintiff and the Class were injured when they paid the purchase price and/or a price premium for the Alleged No-Hide Chews that did not deliver what was represented. They paid the purchase price based on the labeling and packaging of the Alleged No-Hide Chews, which represented that the chews did not contain rawhide and were healthy, nutritious, of superior quality, natural, and/or unadulterated, and made with healthy, fully-disclosed ingredients.  The Alleged No-Hide Chews have no or *de minimis* value based on the presence of the rawhide,

chemicals, hormones, steroids, and/or unnatural or other ingredients. Damages can be calculated through expert testimony at trial.

8.      Plaintiff, like other reasonable consumers, reasonably relied on the packaging and labeling on Defendants' Alleged No-Hide Chews that promised there was no rawhide present in the product or in the manufacturing process. Plaintiff, and other reasonable consumers, had no reason to know the Alleged No-Hide Chews were not as labeled or contained non-conforming ingredients.

9.      Defendants' packaging was further misleading because it failed to disclose the fact that Defendants' Alleged No-Hide Dog Treats contained: rawhide and related chemicals, hormones, steroids, and/or unnatural or other ingredients that do not conform to the labels, packaging, advertising, or representations.

10.     Defendants intentionally omitted the presence of rawhide and the related contaminants and risks it causes in order to induce and mislead reasonable consumers, such as Plaintiff, to purchase the Alleged No-Hide Chews at premium prices.

11.     Defendants' wrongful conduct caused injury to Plaintiff by providing false and misleading information upon which any reasonable consumer would rely in making his or her purchasing decisions. Defendants caused injury to Plaintiff and the Class by identifying and labeling the Alleged No-Hide Chews as something other than what they truly were.

12.     Plaintiff and the members of the Class would not have purchased Defendants' Alleged No-Hide Chews at all, let alone at Defendants' premium prices, had Defendants honestly labeled their products.

13.     Unless Defendants are ordered to correct their misleading labels, packaging, marketing, and representations, Defendants' conduct will continue to injure consumers.

**B. Defendants**

14.    Defendant Earth Animal Ventures, Inc. is a Delaware corporation. Its principal place of business is located at 606 Post Road East, Westport, Connecticut 06880. Defendant Earth Animal Ventures, Inc. also maintains a retail location at this same address.  All Alleged No-Hide Chews sold in the United States are sourced and sold by Earth Animal Ventures, Inc.

15.    Defendant Earth Animal Ventures, LLC is incorporated in Delaware with its principal place of business located at 49 John Street, Southport, Connecticut 06890.  All Alleged No-Hide Chews sold in the United States are manufactured, sourced, and sold by Earth Animal Ventures, LLC.

16.    Defendant Pony Express Foods, LLC is a limited liability company with its headquarters located at 121 Jalyn Drive, New Holland, Pennsylvania 17557.  It also has a retail location at 411 East Main Street, Leola, Pennsylvania 17540.  Pony Express manufactures and supplies the Alleged No-Hide Chews for Earth Animal Ventures, Inc. Pony Express is intimately involved in the misleading conduct of manufacturing selling the Alleged No-Hide Chews and public denial that they do in fact contain rawhide (and as a primary ingredient).

17.    Defendants formulated, developed, manufactured, labeled, distributed, marketed, advertised, and sold Alleged No-Hide Chews to distributors throughout the United States, including in this District, during the Class Period.

18.    The claims, representations, and statements on the labels, packaging, and marketing for the Alleged No-Hide Chews was prepared, reviewed, and/or approved by Defendants and their agents, and was disseminated by Defendants and their agents. Defendants were responsible for sourcing ingredients, manufacturing the products, and conducting all relevant quality assurance protocols for the Alleged No-Hide Chews and ingredients.

19.     Defendants intended for consumers, such as Plaintiff, to view and rely upon the packaging, labeling, and marketing of the Alleged No-Hide Chews. Defendants' representations and claims, as well as the omissions absent from the packaging, labels, and marketing were deceptive to reasonable consumers as to the true content and manufacturing process of the Alleged No-Hide Chews.

20.     Defendants knew or should have known there were material misrepresentations and deceptive claims on the packaging, labels, and marketing of the Alleged No-Hide Chews, including, but not limited to the very name of the products, "No-Hide," as well as omissions of material information consumers would consider in making purchasing decisions.  Defendants knew or should have known the packaging, and labels of the Alleged No-Hide Chews were deceptive because the actual Alleged No-Hide Chews did not conform to the packaging and labels.

## FACTUAL ALLEGATIONS

**I.   DEFENDANTS' PROMINENT "NO-HIDE" PACKAGING CLAIMS THAT CONTRADICT THE TRUE MANUFACTURING PROCESS AND CONTENT OF THE ALLEGED NO-HIDE CHEWS.**

21.     Defendants' Alleged No-Hide Chews are advertised as a healthy alternative to the traditional rawhide.

22.     The use of "No-Hide" in the name is meant to convey that the chews are not made of or do not contain rawhide.  The packaging itself says "No-Hide" and "The Healthy Rawhide Alternative."

23.     Beyond including "No-Hide" in the product's name, Defendants made additional claims and representations on the packaging, labels, advertisements, and marketing, such as:

(a)     "Easily Digestible";

(b)      "Natural Alternative to Rawhide";

(c)     "100% Human Grade Ingredients";

(d)    "USDA inspected and approved for human consumption";

(e)    "No Chemicals or Additives" and

(f)    "No Leather."

24.    The packaging, labels, and marketing of the Alleged No-Hide Chews were deceptive, untrue, and misleading because the Alleged No-Hide Chews contained non-conforming ingredients and contaminants, such as:

(a)    leather;

(b)    rawhide;

(c)    chemicals;

(d)    steroids; and/or

(e)    hormones.

25.    Defendants' website states that traditional rawhide and No-Hide are different in that the Alleged No-Hide Chews "contain NO animal hides and chemicals are NOT used to produce them…."

**1. What is the difference between No-Hide and Rawhide?**

Both rawhide and No-Hide chews are long-lasting chews that provide dogs with psychological satisfaction. But rawhide is made from poorly digestible hides culled from cows. Those hides are treated with many strong chemicals in order to reach the stage where they can be shaped and formed into the chews you see in stores.

In contrast, No-Hide chews contain NO animal hides and chemicals are NOT used to produce them, so your animal is safe from consuming harsh chemicals. No-Hide chews are made with 100% human grade food ingredients that are nutritious, highly digestible and completely healthy for your dog.

26.    Defendants' Alleged No-Hide Chews are advertised as being made from olive oil, brown rice flour, eggs, agar-agar, and naturally-derived enzymes from banana and pineapple (bromelain), which then are mixed together with a protein flavor.

27.    The following is an example of Defendants' No-Hide packaging:

7

28.    Defendants' website also states the Alleged No-Hide Chews are 80% digestible as opposed to standard rawhide chews, which Defendants claim are just 18% digestible.



29.    Defendants included these claims, representations, and statements on their labels, packaging, and marketing to induce consumers to purchase Alleged No-Hide Chews by stating the Alleged No-Hide Chews do not include rawhide and emphasizing qualities relating to the health, naturality, and nutritional value of the Alleged No-Hide Chews over traditional rawhide.

## II.    PACKAGING CLAIMS AND OMISSIONS ARE MISLEADING BASED ON THE PRESENCE OF RAWHIDE

30.    Dog-owning consumers seek alternatives to rawhide because of what rawhide contains or may contain.

31.     Rawhide is the skin of animals such as cattle or pork that is removed, dried, and prepared for consumption by dogs. Rawhide chews are made from the leather industry's leftovers. Rawhide chews are available in different shapes and sizes, and sometimes have added flavor.

32.     Often, rawhide contains chemicals, steroids, and additives like hydrogen peroxide, bleach, lead, arsenic, mercury, chromium salts, and formaldehyde. These chemicals, steroids, and additives are not "human grade," and therefore not approved for human consumption. Indeed, it is the presence of these chemicals and additives in rawhide that make it difficult for dogs to digest.

33.     Defendants' claim their Alleged No-Hide Chews are subject to their high quality standards and manufactured in a "human food processing facility that is certified by the USDA and FDA to manufacture food for people." Additionally, Defendants represent that all raw ingredients used to make the Alleged No-Hide Chews have been "USDA inspected and approved for human consumption."[1]

34.     At all times during the Class Period, Defendants knew or should have known the Alleged No-Hide Chews were, in fact, manufactured with and contained rawhide. Defendants expressly and impliedly stated the Alleged No-Hide Chews contained no rawhide and omitted any reference to the presence of rawhide from the packaging.

35.     Despite Defendants' claims that the Alleged No-Hide Chews are rawhide-free, two analyses have revealed the opposite: the Alleged No-Hide Chews do indeed contain rawhide.

36.     On July 14, 2017, a leather chemist, Waldo Kallenberger, Ph.D., analyzed two Alleged No-Hide Chews, and found that "given the size, thickness, and physical structure of the 'bone' material in this 'No-Hide' product, the material is absolutely rawhide split material."[2] Dr.

---

[1] https://shop.earthanimal.com/pages/no-hide-faq

[2] https://truthaboutpetfood.com/statementfromleatherlab/

Kallenberger, after inspection of the Alleged No-Hide Chews, further concluded that "such a material of this size with this size fibers…could only come from a large animal skin."[3]

37.     Based on information and belief, analysis of the Alleged No-Hide Chews found the material was "definitely not a synthetic or reconstituted collagen product nor was it a non-hide type collagen structure…", contrary to Defendants' representations and claims that the Alleged No-Hide Dog Treats are not made of rawhide.[4]

38.     A recent study was published in a well-respected academic journal, which blindly analyzed the histology of rawhide-containing and rawhide-free dog chews.  According to Defendants, one of their products, a No-Hide chew, was included in the study and was found to contain rawhide, contrary to Defendants' labeling claims that it was rawhide-free.[5]

39.     Defendants controlled the manufacturing of their Alleged No-Hide Chews and, in doing so, monitor the use or non-use of rawhide in the Alleged No-Hide Chews. Such monitoring of the ingredients and manufacturing was not only important, but critical. Moreover, Defendants controlled what ingredients were ordered and whether those ingredients were in fact rawhide

40.     Defendants knew or should have known they owed consumers a duty of care to prevent the presence of rawhide in the Alleged No-Hide Chews and conduct testing to ensure that rawhide was not an ingredient (primary or otherwise).

41.     Defendants knew consumers purchased the Alleged No-Hide Chews based on the based on the promise and related premium price that Defendants did in fact  manufacture the

---

[3] *Id.*

[4] *Id*.

[5] https://cdn.shopify.com/s/files/1/0201/2178/0324/files/2nd_TAPF_Article_Response_6-24-20_FINAL.pdf?v=1593022020

Alleged No-Hide Chews to high standards and would not include rawhide (that many view as posing a risk to their dogs). Defendants further knew that a reasonable consumer, like Plaintiff and the Class, would expect that the Alleged No-Hide Chews at least conform with the representations on the packaging and labeling, including that they would not contain rawhide.

42.    Consistent with the express and implied statements the Alleged No-Hide Chews do not contain rawhide, Defendants include claims on their packaging and labels which further bolster their misleading "no-hide" claims, such as:

      (a)    "Easily Digestible";

      (b)    "Natural Alternative to Rawhide";

      (c)    "100% Human Grade Ingredients";

      (d)    "USDA inspected and approved for human consumption";

      (e)    "No Chemicals or Additives" and

      (f)    "No Leather."

43.    Photographs of the following Alleged No-Hide Chews packaging can be found in Exhibit 1:

      (a)  Earth Animal Peanut Butter No-Hide® Wholesome Chews;

      (b)  Earth Animal Venison No-Hide® Wholesome Chews;

      (c)  Earth Animal Salmon No-Hide® Wholesome Chews;

      (d)  Earth Animal Chicken No-Hide® Wholesome Chews;

      (e)  Earth Animal Pork No-Hide® Wholesome Chews;

      (f)  Earth Animal Beef No-Hide® Wholesome Chews.

44.    In the context of chews that are alternatives to rawhide, Defendants' packaging claims the Alleged No-Hide Chews were "Easily Digestible" was misleading.    Reasonable consumers who would be purchasing rawhide alternatives would know the alternatives are more

easily digestible than rawhide—alternatives that contain fresh ingredients like those listed on the packaging and labels of the Alleged No-Hide Chews. Defendants' own website further promotes this purported advantage by specifically pointing out how much more digestible the Alleged No-Hide Chews are compared to rawhide.

45.     Similarly, Defendants' packaging claims of "100% Human Grade Ingredients" was misleading because Defendants used materials, such as rawhide, that were not 100% Human Grade.

46.     Defendants' express statement the Alleged No-Hide Chews were a "Natural Alternative to Rawhide" was false.  A reasonable consumer would assume that statement meant what it says—that the Alleged No-Hide Chews were not made of rawhide.  Likewise, Defendants' claim of "No Leather" could only have been intended to convey to consumers that Defendants' products did not include rawhide.

47.     Defendants' packaging claims of "Easily Digestible," "Natural Alternative to Rawhide," "100% Human Grade Ingredients," "USDA inspected and approved for human consumption", "No Chemicals or Additives" and "No Leather" taken together with the promises the Alleged No-Hide Chews were rawhide-free, were misleading, deceptive, and untrue because Defendants' products contained non-conforming ingredients, by virtue of the presence of rawhide.

48.     In addition, Defendants' Alleged No-Hide Chews' packaging omitted material information the Alleged No-Hide Chews contained non-conforming ingredients. Defendants' packaging omitted the presence of rawhide, and inclusion of chemicals, hormones, steroids, and unnatural or other ingredients that do not conform to the labels, packaging, advertising, and statements in the Alleged No-Hide Chews. Defendants intentionally omitted these ingredients and contaminants in order to induce and mislead reasonable consumers to purchase Alleged No-Hide Chews at premium prices.

III. **THE MISLEADING CLAIMS THAT WERE FALSE BASED ON THE NONDISCLOSURE OF THE ACTUAL PRESENCE OF RAWHIDE DECEIVED CONSUMERS**

49.     Defendants' manufacturing process and their packaging and labeling claims and representations were misleading to consumers because the Alleged No-Hide Chews contained non-conforming ingredients and materials. Defendants intentionally omitted the fact the Alleged No-Hide Chews contained rawhide while promising that they were made with zero rawhide.

50.     Reasonable consumers, like Plaintiff, paid Defendants their price premium for the Alleged No-Hide Chews because the consumers relied on the accuracy of Defendants' packaging, labeling, and marketing.

51.     Reasonable consumers, like Plaintiff and the Class members, considered the contents of the Alleged No-Hide Chews to be material to their decision to purchase Defendants' products.

52.     Defendants knew or should have known the Alleged No-Hide Chews contained ingredients, materials, and contaminants that were non-conforming to the packaging, labeling, and marketing. Defendants intentionally omitted these ingredients and contaminants in order to induce and mislead reasonable consumers to purchase Alleged No-Hide Chews at premium prices.

53.     As a result of Defendants' false and misleading statements and omissions, consumers, like Plaintiff, suffered substantial financial losses by paying for products which were not what they purported to be.

IV. **DEFENDANTS' MISLEADING PACKAGING CLAIMS AND FAILURE TO WARN VIOLATED CONNECTICUT LAWS**

54.     The state of Connecticut has enacted laws designed to ensure a company's packaging claims and representations about its products are truthful and accurate.  Defendants violated these laws by negligently, recklessly, and/or intentionally misrepresenting that the

Alleged No-Hide Chews were "Natural Alternative(s) to Rawhide" and were therefore, as examples, "Easily Digestible," "100% Human Grade," "USDA inspected and approved for human consumption"; had "No Chemicals or Additives," and contained "No Leather."

55.    Defendants owed consumers a legal duty to disclose that the Alleged No-Hide Chews contained rawhide, and the inclusion of chemicals, hormones, steroids, and/or unnatural or other ingredients and contaminants that did not conform to Defendants' packaging and labeling.

56.    Defendants engaged in a marketing campaign to convince potential customers they should pay the price Defendants asked for the Alleged No-Hide Chews because consumers could trust Defendants used ingredients that conformed to all of their packaging and labeling and effectively prevented the inclusion of non-nutritious ingredients and unnatural contaminants and ingredients through regular monitoring.

## V.    DEFENDANTS' KNOWLEDGE OF THE MISREPRESENTATIONS AND THEIR MATERIALITY

57.    Defendants had exclusive knowledge of the physical and chemical makeup and formula of the Alleged No-Hide Chews and ingredients, including whether any of the Alleged No-Hide Chews contained rawhide and any non-conforming ingredients and contaminants.

58.    Furthermore, consumers, like Plaintiff, had no means to ascertain that Defendants were not providing what their packaging and labeling purported to contain.

## VI.    DEFENDANTS ACTED NEGLIGENTLY AND/OR INTENTIONALLY TO MISLEAD CONSUMERS

59.    Defendants acted intentionally to hide the true quality and composition of the Alleged No-Hide Chews. Defendants willingly misrepresented and failed to disclose to consumers that these chews contained rawhide, and the inclusion of chemicals, hormones, steroids, and unnatural or other ingredients and the presence of these non-conforming ingredients and materials.

60.     When asked by consumers, including Plaintiff, about the true nature of the Alleged No-Hide Chews, Defendants repeatedly and adamantly claimed they did not contain any rawhide, but simply materials that mimicked rawhide.  However, tests have revealed and confirmed that Defendants were misleading consumers and the Alleged No-Hide Chews were comprised of rawhide material.

61.     Defendants did so despite knowing the Alleged No-Hide Chews contained rawhide, and the inclusion of chemicals, hormones, steroids, and/or unnatural or other ingredients and the presence of these non-conforming ingredients and materials in the Alleged No-Hide Chews was material to a reasonable consumer. Defendants knew consumers trusted and relied on Defendants to ensure that the Alleged No-Hide Chews were as described on their packaging and labeling.

## VII.    TOLLING OF THE STATUTE OF LIMITATIONS WITH RESPECT TO PLAINTIFF'S CLAIMS

62.     Plaintiff, and other consumers, had no way to know that Defendants' claims, representations, and statements made on the labels, packaging, advertising, and marketing of the Alleged No-Hide Chews were misleading, deceptive, and untrue.

63.     After Plaintiff purchased the Alleged No-Hide Chews and the death of her dog, Defendants told her multiple times their products did not contain rawhide.  Defendants have continued to mislead and deceive consumers in to believing their products are rawhide-free.

64.     Defendants actively and fraudulently concealed the truth from Plaintiff: that their Alleged No-Hide Chews contained rawhide, as well as the inclusion of chemicals, hormones, steroids, and unnatural or other ingredients.

65.     Within the period of any applicable statutes of limitation, Plaintiff and the Class members could not have discovered through the exercise of reasonable diligence that Defendants had concealed the true nature and quality of the Alleged No-Hide Chews.

66.    Plaintiff and the Class were not on notice of the misrepresentations until a recent study was published in a well-respected academic journal (June 12, 2020).  That study blindly analyzed the histology of rawhide-containing and rawhide-free dog chews.  The Alleged No-Hide Chews were included in the study and found to contain rawhide, contrary to Defendants' claims that they are rawhide-free.

67.    For the reasons described above, all applicable statutes of limitations have been tolled by operation of the discovery rule with respect to claims related to Defendants' Alleged No-Hide Chews.

## CLASS ACTION ALLEGATIONS

68.    Plaintiff brings this action individually and on behalf of the following Class pursuant to Rules 23(a) and 23(b)(2) and (3) of the Federal Rules of Civil Procedure:

> All persons who reside in United States who, from June 12, 2017, to the present, purchased any Earth Animal No-Hide Chews for household or business use, and not for resale.

69.    Excluded from the Class are the Defendants, any parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-conspirators, all governmental entities, and any judge, justice, or judicial officer presiding over this matter.

70.    This action is brought and may be properly maintained as a class action. There is a well-defined community of interests in this litigation and the members of the Class are easily ascertainable.

71.    The members in the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of the members of all Class members in a single action will provide substantial benefits to the parties and Court.

72.    Questions of law and fact common to Plaintiff and the Class include, but are not limited to, the following:

a.  whether Defendants owed a duty of care to Plaintiff and the Class;

b.  whether Defendants knew or should have known that the Alleged No-Hide Chews contained rawhide, and the inclusion of chemicals, hormones, steroids, and/or unnatural or other ingredients;

c.  whether Defendants wrongfully represented that the Alleged No-Hide Chews were a "Natural Alternative to Rawhide;"

d.  whether Defendants wrongfully represented and continue to represent that consumers could trust Defendants to monitor the Alleged No-Hide Chews and ingredients for non-conforming contaminants, including, but not limited to, rawhide;

e.  whether Defendants wrongfully represented and continue to represent that consumers could trust that Defendants manufacture the Alleged No-Hide Chews to conform to all of their packaging and labeling;

f.  whether Defendants' representations in their packaging and/or labeling are false, deceptive, and/or misleading;

g.  whether those representations are likely to deceive reasonable consumers;

h.  whether reasonable consumers would consider Defendants' representations about the contents of the Alleged No-Hide Chews material;

i.  whether reasonable consumers would consider Defendants' omissions about the contents of the Alleged No-Hide Chews material;

j.  whether Defendants had knowledge that the representations on the packaging of the Alleged No-Hide Chews were false, deceptive, and/or misleading;

k.  whether Defendants violated Connecticut law;

l.  whether Defendants violated Pennsylvania law;

m.  whether Defendants engaged in unfair trade practices;

n.  whether Defendants engaged in false advertising;

o.  whether Defendants breached express warranties;

p.  whether Defendants breached implied warranties;

q.  whether Defendants made fraudulent misrepresentations;

r.  whether Defendants unjustly enriched themselves at consumers' expense;

s.  whether Defendants' conduct was negligent per se;

t.  whether Plaintiff and the members of the Class are entitled to actual, statutory, and treble damages; and

u.  whether Plaintiff and members of the Class are entitled to declaratory and injunctive relief.

73.    Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of the other members of the Class. Identical statutory violations and business practices and harms are involved. Individual questions, if any, are not prevalent in comparison to the numerous common questions that predominate in this action.

74.    Plaintiff's claims are typical of those of the members of the Class because they are based on the same underlying facts, events, and circumstances relating to Defendants' conduct.

75.    Plaintiff will fairly and adequately represent and protect the interests of the Class, has no interests incompatible with the interests of the Class, and has retained counsel competent and experienced in class action, consumer protection, and false advertising litigation.

76.    Class treatment is superior to other options for resolution of the controversy because the relief sought for each member of the Class is small such that, absent representative litigation, it would be infeasible for members of the Class to redress the wrongs done to them.

77.     Questions of law and fact common to the Class predominate over any questions affecting only individual members of a Class.

78.     As a result of the foregoing, class treatment is appropriate.

## CLAIMS FOR RELIEF

## COUNT I

**Violations of Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110b
Against the Earth Animal Defendants on Behalf of the Class**

79.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

80.     The conduct described herein constitutes a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b (hereinafter, "CUTPA").

81.     The Earth Animal Defendants' deceptive conduct alleged herein violated the following provisions of CUTPA:

> (a)  Conn. Gen. Stat. § 42-110b-18, by negligently, recklessly, and/or intentionally using deceptive manufacturing process and representations in connection with its Alleged No-Hide Chews by making the following misleading packaging claims:
>
> > (i)      "No-Hide";
> >
> > (ii)     "Easily Digestible";
> >
> > (iii)     "Natural Alternative to Rawhide";
> >
> > (iv)     "100% Human Grade Ingredients";
> >
> > (v)      "No Chemicals or Additives" and
> >
> > (vi)     "No Leather."

        (vii)    Conn. Gen. Stat. § 42-110b-18(e) by negligently, recklessly, and/or intentionally representing that the Alleged No-Hide Chews were of a particular standard, quality, or grade, when they were of another;

82.    Specifically, the Earth Animal Defendants asserted that the Alleged No-Hide Chews did not include rawhide and/or failed to disclose that the Alleged No-Hide Chews contained rawhide, and the related inclusion of chemicals, hormones, steroids, and/or unnatural or other ingredients and contaminants that did not conform to the products' packaging and labeling claims.

83.    All Alleged No-Hide Chews sold in the United States are manufactured, sourced, and sold by Earth Animal Ventures, LLC, whose principal place of business is in Southport, Connecticut.

84.    All Alleged No-Hide Chews sold in the United States are also sourced and sold by Earth Animal Ventures, Inc., whose principal place of business is in Westport, Connecticut,

85.    The Earth Animal Defendants intended for Plaintiff and the Class members to accept as true these advertisements and representations in deciding whether to purchase the Alleged No-Hide Chews, and at what price.

86.    The Earth Animal Defendants' misrepresentations, concealment, omissions, and other deceptive conduct were likely to deceive consumers with respect to the Alleged No-Hide Chews' quality, ingredients, and suitability for consumption by dogs.

87.    The Earth Animal Defendants' misrepresentations, concealment, omissions, and other deceptive conduct were likely to cause consumers to purchase and/or overpay for the Alleged No-Hide Chews.

88.    The Earth Animal Defendants' deceptive trade practices were misleading and deceiving to Connecticut consumers because the Alleged No-Hide Chews contained rawhide.

89.     The Earth Animal Defendants' deceptive trade practices significantly impacted the public.

90.     The Earth Animal Defendants' misrepresentations, concealment, and omissions occurred before Plaintiff and the Class decided to purchase the Alleged No-Hide Chews.

91.     The Earth Animal Defendants' misrepresentations, concealment, and omissions did in fact deceive Plaintiff and the Class with respect to the Alleged No-Hide quality, ingredients, and suitability for consumption by dogs.

92.     The Earth Animal Defendants' misrepresentations, concealment, and omissions did in fact deceive and cause Plaintiff and the Class members to purchase and/or overpay for the Alleged No-Hide Chews. The facts misrepresented, concealed, or not disclosed by the Earth Animal Defendants with respect to the presence of rawhide, and the inclusion of chemicals, hormones, steroids, and/or unnatural or other ingredients that do not conform to the labels, packaging, advertising, warranties, and statements are material facts because Plaintiff and any reasonable consumer would have considered those facts important in deciding whether to purchase the Alleged No-Hide Chews, and at what price.

93.     If Plaintiff and the Class members had known the Alleged No-Hide Chews did not in fact conform to the products' packaging and labeling claims, Plaintiff and Class members would not have paid the price they paid for the Alleged No-Hide Chews.

94.     If Plaintiff and the Class members had known the Alleged No-Hide Chews and their manufacturing process did not in fact conform to the products' packaging and labeling claims, they would not have purchased the Alleged No-Hide Chews at all.

95.     As a result of the Earth Animal Defendants' conduct and deceptive business trade practices, Plaintiff and the Class members have suffered actual damages as described above as a result.

96.    As a direct and proximate result of the deceptive, misleading, unfair, and unconscionable practices of the the Earth Animal Defendants, as set forth above, Plaintiff and the Class members are entitled to actual damages, compensatory damages, penalties, attorneys' fees, and costs, as set forth in Section 42-110(o) of the CUTPA. The Earth Animal Defendants' deceptive, misleading, unfair, and unconscionable practices set forth above were done willfully, wantonly, and maliciously, entitling Plaintiff and the Class members to an award of punitive damages.

## COUNT II

**Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. Ann. §§ 201-1, *et seq.*, Against Defendant Pony Express on Behalf of the Class**

97.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

98.    Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. Ann. §§ 201-1, *et seq.*, (hereinafter, the "UTPCPL") makes unlawful "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

99.    Pony Express's deceptive conduct alleged herein violated the following provisions of the UTPCPL:

(a)    73 Pa. Cons. Stat. Ann. §§ 201-1(4)(vii), by representing the Alleged No-Hide Dog Chews were of a particular standard or quality if they are of another;

(b)    73 Pa. Cons. Stat. Ann. §§ 201-1(4)(ix), by advertising the Alleged No-Hide Dog Chews with the intent not to sell them as advertised; and

(c)    73 Pa. Cons. Stat. Ann. §§ 201-1(4)(xxi), by engaging in fraudulent or deceptive conduct that created the likelihood of confusion or misunderstanding in connection with

the true content and manufacturing process of the Alleged No-Hide Chews by using the following misleading packaging claims:

      (i)      "No-Hide";

      (ii)     "Easily Digestible";

      (iii)    "Natural Alternative to Rawhide";

      (iv)    "100% Human Grade Ingredients";

      (v)     "No Chemicals or Additives" and

      (vi)    "No Leather."

100.    Specifically, Pony Express asserted the Alleged No-Hide Chews did not include rawhide and/or failed to disclose the Alleged No-Hide Chews contained rawhide and the inclusion of chemicals, hormones, steroids, and/or unnatural or other ingredients and contaminants that did not conform to the product's packaging and labeling claims.

101.    Pony Express intended for Plaintiff and the Class members to accept as true these claims and representations when deciding whether to purchase the Alleged No-Hide Chews, and at what price.

102.    Pony Express knew the Alleged No-Hide Chews' packaging claims were untrue and misleading as they had exclusive knowledge of the physical and chemical makeup and formula, including the presence of rawhide and any other non-conforming ingredients and contaminants.

103.    Pony Express's misrepresentations and deceptive conduct were likely to deceive consumers with respect to the Alleged No-Hide Chews' true quality, ingredients, and suitability for consumption by dogs.

104.    Consumers, such as Plaintiff and the Class members, had no way to determine the Alleged No-Hide Chews were made of ingredients different from what Pony Express and the packaging and labels claimed.

105.    Pony Express's misrepresentations and deceptive conduct were likely to cause consumers to purchase and/or overpay for the Alleged No-Hide Chews.

106.    Pony Express's acts or practices were misleading and deceptive to consumers because the Alleged No-Hide Chews contained rawhide, chemicals, hormones, steroids, and/or other ingredients or contaminants that do not conform to the packaging claims.

107.    Pony Express's misrepresentations and deceptive conduct occurred before Plaintiff and the Class members decided to purchase the Alleged No-Hide Chews.

108.    Pony Express's misrepresentations and deceptive conduct did in fact deceive Plaintiff and the Class members with respect to the Alleged No-Hide Chews' quality, ingredients, and suitability for consumption.

109.    Pony Express's misrepresentations and deceptive conduct did in fact deceive and cause Plaintiff and the Class members to purchase and/or overpay for the Alleged No-Hide Chews.

110.    The facts misrepresented or not disclosed by Pony Express with respect to the presence of rawhide, and the inclusion of chemicals, hormones, steroids, and unnatural or other ingredients that do not conform to the packaging, labels, advertising, warranties, and statements are material facts because Plaintiff, Class members, and any reasonable consumer would have considered those facts important when deciding to purchase the Alleged No-Hide Chews, and at what price.

111.    If Plaintiff and the Class members had known the Alleged No-Hide Chews did not conform to the products' packaging and label claims, advertising, warranties, and statements

Plaintiff and the Class members would not have paid the price they paid for the Alleged No-Hide Chews.

112.    If Plaintiff and the Class members had known the Alleged No-Hide Chews did not conform to the products' packaging and label claims, advertising, warranties, and statements they would not have purchased the Alleged No-Hide Chews at all.

113.    As a result of Pony Express's misrepresentations and deceptive conduct, Plaintiff and the Class Members have suffered actual damages and losses as described above.

As a direct and proximate result of the deceptive, misleading, and unconscionable acts and practices of Pony Express as set forth above, Plaintiff and the Class members are entitled to actual damages, penalties, attorneys' fees and costs, and treble damages, as set forth in 73 Pa. Cons. Stat. Ann. §§ 201-9.2.

## COUNT III

### Breach of Express Warranty Against Defendants
### Individually and on Behalf of the Class

114.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

115.    Defendants marketed and sold the Alleged No-Hide Chews into the stream of commerce with the intent that the Alleged No-Hide Chews would be purchased by Plaintiff and the members of the Class.

116.    Defendants expressly warranted, advertised, and represented to Plaintiff and the Class using the following misleading packaging claims for the Alleged No-Hide Chews:

(i)    "No-Hide";

(ii)    "Easily Digestible";

(iii)    "Natural Alternative to Rawhide";

      (iv)     "100% Human Grade Ingredients";

      (v)      "No Chemicals or Additives" and

      (vi)     "No Leather."

117.    Defendants made these express warranties for the Alleged No-Hide Chews in writing through their labels, representations, and advertisements on the Alleged No-Hide Chews packaging. These express warranties became part of the basis of the bargain Plaintiff and the member of the Class entered into upon purchasing the Alleged No-Hide Chews.

118.    Defendants made these advertisements, warranties, and representations in connection with the sale of the Alleged No-Hide Chews to Plaintiff and the Class. Plaintiff and members of the Class relied on Defendants' advertisements, warranties, and representations regarding the Alleged No-Hide Chews in deciding whether to purchase Defendants' products.

119.    Defendants' Alleged No-Hide Chews did not conform to Defendants' advertisements, warranties and representations in that they contained rawhide, chemicals, hormones, steroids, and/or other ingredients or contaminants that do not conform to the packaging claims.

120.    Defendants were on notice of this breach because they were aware the Alleged No-Hide Chews contained the above non-conforming contaminants, materials, and ingredients.

121.    Defendants had notice, in part, due to their limited quality control and their knowledge that the Alleged No-Hide Chews were made with rawhide.

122.    Privity exists because Defendants expressly warranted to Plaintiff and the members of the Class they manufactured the Alleged No-Hide Chews in accordance with their packaging claims above, so the Alleged No-Hide Chews did not contain any ingredients, materials, and/or contaminants that were non-conforming to these packaging claims.

123.    As a direct and proximate result of Defendants' conduct, Plaintiff and the Class have suffered actual damages in that they purchased the Alleged No-Hide Chews that were worth less than the price they paid.

124.    Plaintiff and the members of the Class would not have purchased the Alleged No-Hide Chews at all had they known of the presence of rawhide along with other non-conforming ingredients, materials, contaminants, and unnatural or other ingredients.

125.    Plaintiff and the Class seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available thereunder for Defendants' failure to deliver goods conforming to their express warranties and resulting breach.

## COUNT IV

### Breach of Implied Warranty of Merchantability Against
### Defendants Individually and on Behalf of the Class

126.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

127.    Defendants are merchants engaging in the sale of goods to Plaintiff and the Class.

128.    There was a sale of goods from Defendants to Plaintiff and the members of the Class.

129.    At all times mentioned herein, Defendants manufactured or supplied the Alleged No-Hide Chews, and prior to the time the Alleged No-Hide Chews were purchased by Plaintiff and the members of the Class, Defendants impliedly warranted to them that the Alleged No-Hide Chews were of merchantable quality, fit for their ordinary use, and conformed to the promises and affirmations of fact made on the Alleged No-Hide Chews packaging, such as:

(i)      "No-Hide";

(ii)     "Easily Digestible";

(iii)     "Natural Alternative to Rawhide";

(iv)     "100% Human Grade Ingredients";

(v)      "No Chemicals or Additives" and

(vi)     "No Leather."

130.    Plaintiff and the members of the Class relied on Defendants' promises and affirmations of fact when they purchased the Alleged No-Hide Chews.

131.    The Alleged No-Hide Chews were not fit for their ordinary use, consumption by dogs, and did not conform to Defendants' affirmations of fact and promises as they contained rawhide, chemicals, hormones, steroids, and other ingredients or contaminants that do not conform to the packaging claims.

132.    Defendants breached the implied warranties by selling the Alleged No-Hide Chews that failed to conform to the promises or affirmations of fact made on the packaging and labels as each product contained rawhide and the non-conforming ingredients and contaminants.

133.    Defendants were on notice of this breach as they were aware the Alleged No-Hide Chews contained rawhide along with the other non-conforming contaminants and ingredients.

134.    Defendants had notice, in part, due to their knowledge that the Alleged No-Hide Chews were, in fact, made from rawhide.

135.    Defendants also had sufficient notice because Plaintiff filed her lawsuit within a reasonable amount of time of discovering Defendants were in breach of their expressed and implied warranties.

136.    Privity exists because Defendants impliedly warranted to Plaintiff and the members of the Class they manufactured the Alleged No-Hide Chews in accordance with all of their packaging claims above so that the Alleged No-Hide Chews did not contain rawhide or any ingredients and/or contaminants that were non-conforming to these packaging claims.

137.    As a direct and proximate result of Defendants' conduct, Plaintiff and the members of the Class have suffered actual damages in that they purchased the Alleged No-Hide Chews that were not in conformance with the packaging or labeling.

138.    Plaintiff and the members of the Class would not have purchased the Alleged No-Hide Chews at all had they known of the presence of rawhide, non-conforming ingredients, contaminants and/or unnatural or other ingredients.

139.    Plaintiff and the Class seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available thereunder for Defendants' failure to deliver goods conforming to their implied warranties and resulting breach.

## <u>COUNT V</u>

### Fraudulent Misrepresentation Against Defendants
### Individually and on Behalf of the Class

140.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

141.    Defendants falsely represented to Plaintiff and the Class regarding the Alleged No-Hide Chews with the following misleading packaging claims:

       (i)    "No-Hide";

       (ii)    "Easily Digestible";

       (iii)    "Natural Alternative to Rawhide";

       (iv)    "100% Human Grade Ingredients";

       (v)    "No Chemicals or Additives" and

       (vi)    "No Leather."

142.    Defendants intentionally and knowingly made these misrepresentations to induce Plaintiff and the members of the Class to purchase the Alleged No-Hide Chews.

143.    Defendants knew their representations about the Alleged No-Hide Chews were misleading and false because the Alleged No-Hide Chews contained rawhide along with other non-conforming ingredients such as chemicals, hormones, steroids, and other ingredients that do not conform to the packaging claims.

144.    Defendants allowed their packaging claims to intentionally mislead consumers, such as Plaintiff and the members of the Class.

145.    Plaintiff and the members of the Class did in fact believe these misrepresentations and purchased the Alleged No-Hide Chews to their detriment. Given the deceptive manner in which Defendants advertised, represented, and otherwise marketed the Alleged No-Hide Chews on their packaging and labels, reliance by the Plaintiff and the members of the Class on Defendants' misrepresentations was justifiable.

146.    As a direct and proximate result of Defendants' conduct, Plaintiff and the members of the Class suffered actual damages in that they purchased the Alleged No-Hide Chews that were not in conformance with Defendant's packaging claims.

147.    Plaintiff and the Class would not have purchased the Alleged No-Hide Chews at all had they known of the presence of rawhide along with other non-conforming contaminants and ingredients. Plaintiff and the Class seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available under the laws.

## COUNT VI

### Fraudulent Concealment or Nondisclosure Against
### Defendants Individually and on Behalf of the Class

148.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

149.    Defendants fraudulently concealed and wrongfully omitted material facts they had a legal duty to disclose to Plaintiff and the members of the Class regarding the Alleged No-Hide Chews. These material facts known by Defendants based on their manufacturing practices were the inclusion of rawhide, chemicals, hormones, steroids, and other ingredients or contaminants that do not conform to the packaging claims.

150.    Defendants intentionally and knowingly omitted this information to induce Plaintiff and the members of the Class to purchase the Alleged No-Hide Chews.

151.    Defendants had a legal duty to disclose this information because Defendants knew the representations on the Alleged No-Hide Chews packaging created a false impression, unless these omitted material facts were disclosed to the Plaintiff and the members of the Class.

152.    Defendants knew the concealment or nondisclosure of these facts concerning the Alleged No-Hide Chews and their ingredients were material to consumers because the omissions contradicted the packaging claims.

153.    Defendants, in the course of their business, supplied information for the guidance of consumers in their purchasing decisions, and thus owed a duty to disclose material facts to Plaintiff and the members of the Class.

154.    Plaintiff and the members of the Class had no knowledge and were completely unaware Defendants had included rawhide and other non-conforming ingredients and contaminants in the Alleged No-Hide Chews, as alleged herein, due to Defendants' fraudulent concealment and failure to disclose.

155.    Plaintiff lacked any ability to discover this omitted information because Defendants were exclusive in their knowledge of their inclusion of rawhide along with other non-conforming ingredients, materials, and contaminants. Plaintiff and the members of the Class were injured because of Defendants' fraudulent omissions on the Alleged No-Hide Chews packaging.

156.     As a direct and proximate result of Defendants' conduct, Plaintiff and the members of the Class suffered actual damages in that they purchased the Alleged No-Hide Chews that contained rawhide and were, therefore, not in conformance with Defendant's packaging claims.

157.     Plaintiff and the members of the Class would not have purchased the Alleged No-Hide Chews at all had they known omitted and nondisclosed information.

158.     Plaintiff and the Class seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available under the law.

## COUNT VII

### Unjust Enrichment Against Defendants Individually and on Behalf of the Class

159.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

160.     Substantial benefits have been conferred on Defendants by Plaintiff and the Class through the purchase of the Alleged No-Hide Chews.  Defendants knowingly and willingly accepted and enjoyed these benefits.

161.     Defendants either knew or should have known the payments rendered by Plaintiff were given and received with the expectation that the Alleged No-Hide Chews would have the qualities, characteristics, and ingredients represented and warranted by Defendants.  As such, it would be inequitable for Defendants to retain the benefit of the payments under these circumstances.

162.     Defendants' acceptance and retention of these benefits under the circumstances alleged herein make it inequitable for Defendants to retain the benefits without payment of the value to Plaintiff and the Class.

163.    Plaintiff and the Class are entitled to recover from Defendants all amounts wrongfully collected and improperly retained by Defendants, plus interest thereon. Plaintiff and the Class seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available under the laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against the Defendants as to each and every count, including:

A.    An order declaring this action to be a proper class action, appointing Plaintiff and her counsel to represent the Class, and requiring Defendants to bear the costs of class notice;

B.    An order enjoining Defendants from selling the Alleged No-Hide Chews until rawhide; chemicals; hormones; steroids; and unnatural or other ingredients are removed, or full disclosure of the presence of such appear on all labels, packaging, and advertising;

C.    An order enjoining Defendants from selling the Alleged No-Hide Chews in any manner suggesting or implying they are easily digestible, a natural alternative to rawhide, contain no leather, 100% human grade ingredients, USDA inspected and approved for human consumption, and contain no chemicals or additives;

D.    An order requiring Defendants to engage in a corrective advertising campaign and engage in any further necessary affirmative injunctive relief, such as recalling existing products;

E.    An order awarding declaratory relief, and any further retrospective or prospective injunctive relief permitted by law or equity, including enjoining Defendants from continuing the unlawful practices alleged herein, and injunctive relief to remedy Defendants' past conduct;

F.    An order requiring Defendants to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business

act or practice, untrue or misleading advertising, or a violation of Connecticut law, plus pre- and post-judgment interest thereon;

G.      An order requiring Defendants to disgorge or return all monies, revenues, and profits obtained by means of any wrongful or unlawful act or practice;

H.      An order requiring Defendants to pay all actual and statutory damages permitted under the counts alleged herein;

I.      An order requiring Defendants to pay punitive damages on any count so allowable;

J.      An order awarding attorneys' fees and costs, including the costs of pre-suit investigation, to Plaintiffs and the Class; and

K.      An order providing for all other such equitable relief as may be just and proper.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.


Dated: October 12, 2020                    IZARD, KINDALL & RAABE, LLP
                                           By:  /s/ Mark P. Kindall
                                           MARK P. KINDALL
                                           OREN FAIRCLOTH
                                           29 South Main Street, Suite 305
                                           West Hartford, CT 0610
                                           Telephone: (860) 493-6292
                                           Facsimile:  (860) 493-6290
                                           E-mail: mkindall@ikrlaw.com
                                                   ofaircloth@ikrlaw.com

                                           LOCKRIDGE GRINDAL NAUEN P.L.L.P.
                                           ROBERT K. SHELQUIST
                                           REBECCA A. PETERSON
                                           100 Washington Avenue South, Suite 2200
                                           Minneapolis, MN 55401
                                           Telephone: (612) 339-6900
                                           Facsimile: (612) 339-0981
                                           E-mail: rapeterson@locklaw.com
                                                   rkshelquist@locklaw.com

WEXLER WALLACE LLP
KENNETH  WEXLER
KARA ELGERSMA
MICHELLE PERKOVIC
55 West Monroe Street, Suite 3300
Chicago, IL 60603
Tel: (312) 346-2222
Fax: (312) 346-0022
Email:kaw@wexlerwallace.com
       kae@wexlerwallace.com
       mp@wexlerwallace.com


*Attorneys for Plaintiff*